UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:08-cr-00137-SEB-TAB |
| ) | |
| JAMES M. MOORE, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the December 13, 2012 Order entered by the Honorable Sarah Evans Barker designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on December 5, 2012. [Dkt. 46.] Pursuant to that Order, the Court herein submits proposed Findings of Fact and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 4 and January 7, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 4 and January 7, 2013, James M. Moore ("Moore") appeared in person with appointed counsel, William H. Dazey, Jr. The government appeared by James M. Warden, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Mr. Moore was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. A copy of the Petition for Warrant or Summons for Offender Under Supervision was provided to Mr. Moore and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Mr. Moore was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Moore was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Moore was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Moore was advised that. if the preliminary hearing resulted in a finding of probable cause that Mr. Moore had violated an alleged condition or conditions of his supervised release as set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Dazey stated that Mr. Moore would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.  Mr. Moore executed a written waiver of the preliminary hearing, which was accepted by the Court. [Dkt. 48.]

8.     Mr. Moore stipulated that he committed Violations 1-7 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *The defendant shall refrain from any unlawful use of a controlled substance.* |
| 2 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 3 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
| | As previously reported to the Court, the offender submitted a urine sample which tested positive for cocaine on December 5, 2011. He admitted using the substance. |
| 4 | *"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."* |
| | The offender failed to report for random drug testing on November 7, 11, 14, and 27, 2012. In addition, he failed to report for substance abuse treatment on May 8, November 5, and 13, 2012. |
| | As previously reported to the Court, Mr. Moore failed to report for random drug testing on September 17, April 19, 21, and 22, 2012. |
| 5 | *"The defendant shall pay any restitution that is imposed by this judgement."* |
| 6 | *"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."* |
| | As previously reported to the Court, the offender obtained a loan in excess of $11,000.00 to purchase a vehicle without the permission of the probation officer. He was also behind on his restitution payments and agreed to a new payment schedule as a result of this non-compliance. |
| | On July 14, 2012, Mr. Moore obtained a loan of $13,495.00 to purchase another vehicle without permission of the probation officer. He claimed his vehicle's engine was "blown" and he could not get it fixed. The |

3

|   |   |   |
|---|---|---|
|   |   | offender is also delinquent in his restitution payments. He had an agreed upon payment schedule of $144.00 every two weeks, which began in July 2011. Over the last 12 months, Mr. Moore has paid $766.00, a shortfall of $2,690.00. |
|   | 7 | ***"The defendant shall perform 32 hours of community service as directed by the probation officer."*** |
|   |   | On April 30, 2012, the offender's conditions of supervision were modified by the Court requiring him to perform 32 hours of community service for failure to report for random urine testing. Mr. Moore was told he had 60 days to complete the community service hours. To date, he has yet to provide documentation for any hours completed. |
|   | 8 | ***"The defendant shall not commit another federal, state or local crime."*** |
|   |   | On November 6, 2012, the offender was pulled over by the Brownsburg Police Department and cited for Driving While Suspended (Brownsburg Town Court case number 32I02-1211-CM-3476). According to Mr. Moore, his license was erroneously suspended. He claims he resolved the matter, and the case should be dismissed. His next Court date is December 19, 2012. According to the Indiana Bureau of Motor Vehicles, the offender's license is valid. |

9. The Court placed Mr. Moore under oath and directly inquired of Mr. Moore whether he admitted the violation of the specifications of his supervised release set forth above. Mr. Moore stated that he admitted the above violations as set forth. The Court then accepted additional evidence regarding Violation Number 4 in the form of testimony from Probation Officer Phillips.

10. Following the Court's finding that Moore had violated his supervision terms as to Violation Numbers 1-7, the government dismissed Violation Number 8.

11. The court and counsel for the parties further stipulated to the following:

    a. The most serious grade of violation is Grade B, pursuant to U.S.S.G. § 7B1.1(a)(3).

    b. Mr. Moore has suffered criminal convictions that yield a criminal history category

of II.

       c.      The term of imprisonment applicable upon revocation of Mr. Moore's supervised release, therefore, is 6 to 12 months imprisonment.  *See*, U.S.S.G. § 7B1.4(a).

12.    The Court heard testimony of Moore and argument of counsel on January 4, 2013, and took the matter under advisement until January 7, 2013.

13.    At the hearing on January 7, 2013, the Court found that Moore had not documented the community service hours (*see* Violation Number 7) Moore had advised the Court on January 4, 2013 that he had completed.

On January 7, 2013, the Court, having heard the admissions of the Defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the Defendant, James M. Moore, violated the above-delineated conditions in the Petition.

Mr. Moore's supervised release is therefore REVOKED and he is sentenced to the custody of the Attorney General or his designee to serve a term of imprisonment of six (6) months.  The Defendant is remanded into the custody of the United States Marshal's service for the execution of this sentence.

At the conclusion of the six month term of imprisonment, Mr. Moore shall then continue on supervised release for a term of 48 months under the previously ordered conditions of supervised release entered by the Court.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure.  Any party desiring said review shall have fourteen days after being

served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts, conclusions of law, and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Moore's supervised release and imposing a sentence of imprisonment of six (6) months in the custody of the Attorney General or his designee with supervised release of 48 months to follow.

**IT IS SO RECOMMENDED** this 15th day of January, 2013.

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

James M. Warden
Assistant United States Attorney

William H. Dazey, Jr.
Indiana Community Federal Defender

U. S. Parole and Probation
U. S. Marshal